UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 20-00159-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STEVEN C. MONTGOMERY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion for Compassionate Release filed by Defendant Steven C. Montgomery ("Montgomery"). See Record Document 75. Montgomery seeks compassionate release due to his current health conditions. See id. The Government has opposed Montgomery's motion on the ground that he did not exhaust his administrative remedies. See Record Document 80. Montgomery filed a reply. See Record Document 82.

On March 22, 2021, Montgomery pled guilty to one count of conspiracy to possess with the intent to distribute 500 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. See Record Documents 33 & 35. Montgomery was sentenced to 292 months imprisonment. See Record Documents 63 & 64. He is presently serving his sentence at Beaumont Low FCI. His projected release date is August 23, 2040.

In his motion, Montgomery seeks compassionate release due to his chronic obstructive pulmonary disease, high blood pressure, and type 2 diabetes. See Record Document 75. He maintains that all of these conditions exacerbate COVID-19 and are "slowly killing him." Id. at 1. He submits that his underlying health conditions would "kill him when he catches the coronavirus or its variants." Id. at 4.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010).  Title 18, United States Code, Section 3582(c) provides that the court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Montgomery moves to modify his sentence under 18 U.S.C. §§ 3582(c)(1)(A).  Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the Bureau of Prisons ("BOP") could file Section 3582(c)(1)(A) motions, also known as compassionate release motions.  In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process.  Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

> (1)  prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
>
> (2)  prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3852(c)(1)(A). The administrative exhaustion provision of the First Step Act is set out in mandatory terms and has been characterized by the Fifth Circuit as a mandatory claim-processing rule. See U.S. v. Franco, No. 20-60473, 2020 WL 5249369 at *2 (5th Cir. Sept. 3, 2020) ("The statute's language is mandatory."). The provision permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The statute sets forth no exceptions to this mandatory statutory exhaustion requirement. The Fifth Circuit held in Franco that "those who seek a motion for compassionate release under the First Step Act must first file a request with the BOP." Franco, 2020 WL 5249369 at *3. Moreover, petitioners such as Montgomery bear the burden of showing that he has exhausted his administrative remedies with the BOP before filing compassionate release motions. See U.S. v. Van Sickle, No. CR18-0250JLR, 2020 WL 2219496, *3 (W.D. Wash. May 7, 2020).

Montgomery filed the instant motion on April 4, 2022. See Record Document 75. He asserts that he has exhausted his administrative remedies because he submitted to the Warden of FCI Beaumont Low an "Inmate Request to Staff" form on February 8, 2022, wherein he requested:

> Dear Warden;
>
> Will you please put me in for a sentence reduction under the Compassionate Release statute 18 U.S.C. § 3582(c)(1)(A) because I have multiple underlying health issue(s) that [exacerbate] the coronavirus 100X .
> . . .

Record Document 75-1. However, the bottom half of the form is blank. See id. There is nothing listed under "Disposition," no signature of a staff member, and no date. Id. The Government contends that Montgomery never filed a documented request for compassionate release with the warden. See Record Document 80 at 5. In support of this contention, the Government has filed a copy of Montgomery's Record of Administrative Remedies. See Record Document 80-1. The record shows "no remedy data exists for [Montgomery]." Id.

As previously stated, Montgomery bears the burden of showing that he has exhausted his administrative remedies within the BOP before filing a compassionate release motion. See Van Sickle, 2020 WL 2219496, *3. The document (Record Document 75-1) submitted by Montgomery does not show that the form was actually submitted to the warden. Conversely, the Government's submission of the Administrative Remedies Record (Record Document 80-1) unequivocally shows no request submitted by Montgomery. Thus, the Court must find Montgomery's contention that he exhausted with BOP to be lacking. While the Court is sympathetic to Montgomery's health conditions and is acutely aware of the effects of the COVID-19 pandemic and the risk at all BOP facilities, Section 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse Montgomery's failure to exhaust his administrative remedies or to waive the 30-day waiting period. See Franco, 2020 WL 5249369. Montgomery must first present his

request to BOP and/or present this Court with affirmative documentation of such request. At this time, the Court does not have authority to grant the relief Montgomery seeks.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Montgomery's Motion for Compassionate Release (Record Document 75) be and is hereby **DENIED WITHOUT PREJUDICE**. He has failed to exhaust his administrative remedies as required by the statute. Montgomery may re-file his motion once he has achieved one of the two avenues for exhaustion under Section 3582(c)(1)(A).

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 5th day of April, 2023.

_____
S. Maurice Hicks, Jr.
United States District Judge